UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Ritchy Wancique

     v.                                           Civil No. 1:26-cv-95-SE-AJ

FCI Berlin, Warden, et al.

O R D E R

Ritchy Wancique filed a petition for a writ of habeas corpus on February 9, 2026, contesting his detention and requesting, inter alia, a bond hearing. See doc. no. 1. The court thereafter ordered the respondents to show cause on or before February 17, 2026, as to why it should not issue an order granting the petition to the extent of ordering them to afford the petitioner with a bond hearing based on his apparent membership in the class certified in Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS, 2025 WL 3687757, at *10-11 (D. Mass. Dec. 19, 2025), and/or his similarity to the petitioner granted a bond hearing as required by the Due Process Clause of the Fifth Amendment in Destino v. FCI Berlin, No. 1:25-cv-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025). See doc. no. 2.

The respondents filed their response to the order to show cause on February 17, 2026, wherein they initially argued that the petitioner was subject to a final order of removal, so not entitled to relief under Destino and Guerrero Orellana. Doc. no. 4. On March 9, 2026, however, the petitioner responded by arguing that his removal order was non-final because it was pending on appeal before the Board of Immigration Appeals. Doc. no. 5. On March 19, 2026, the

respondents filed a supplemental response wherein they maintain that Destino and Guerrero

Orellana were wrongly decided, incorporate by reference the legal arguments made on behalf of

the respondents in certain prior cases, and object to the court granting relief to the petitioner. See

doc. no. 6. Nonetheless, they acknowledge that the petitioner is not subject to a final order of

removal and that the court would reach the same result in this case as it reached in Destino if it

were to apply the same reasoning as set forth in that case. The response further concedes that the

petitioner appears to be a member of the Guerrero Orellana class. To the extent that the

respondents' filing asks this court to agree that certain issues in this case have been preserved for

appeal, the court declines to do so and leaves those decisions for the appellate court. The court

recognizes that the respondents are free to raise these arguments in other future cases.

The respondents have failed to show cause why the court should not order them to afford

a bond hearing before an immigration judge (IJ) at which the respondents will bear the burden of

proving either that the petitioner is a flight risk by a preponderance of the evidence or that he is

dangerous by clear and convincing evidence. See Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st

Cir. 2021). Because the court is bound by the class-wide relief issued in Guerrero Orellana and

because the reasoning in Destino applies in this case, the petition is granted, in part. The

respondents are ordered to provide the petitioner with a bond hearing before an IJ as soon as

practicable. If the government fails to provide a bond hearing, the court will set appropriate

terms and conditions of the petitioner's release during the pendency of his removal proceedings.

The petitioner's request that this court order his immediate release, doc. no. 1 at 11, is denied

without prejudice, as the court finds that a bond hearing before an IJ is sufficient to protect the

petitioner's rights at this stage. The respondents shall file a status report within seven days, on or

before March 31, 2026.

SO ORDERED.

Samantha D. Elliott
United States District Judge

March 24, 2026

cc:    Counsel of record.